Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| RICHARD CHARLES BROWN WOOD Y MARICARMEN GIANATI MEDINA<br><br>Recurridos<br><br>v.<br><br>COSTA ISABELA PARTNERS INC. Y OTROS<br><br>Peticionarios | KLCE202401125 | *Certiorari* acogido como Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: AG2021CV01546<br><br>Sobre: Difamación, Libelo, Calumnia, Invasión a la Privacidad e Intimidad, Violación de Derechos Civiles y Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Ortiz Flores y la Juez Martínez Cordero

Domínguez Irizarry, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 18 de octubre de 2024.

La parte peticionaria, Royal Isabela, Inc., Costa Isabela Partners, Inc., Miguel Machado, su esposa, Erika Román Soto, la Sociedad Legal de Gananciales por ambos compuesta y Universal Insurance Company, comparece ante nos para que dejemos sin efecto tres (3) determinaciones respectivamente notificadas los días 23 de septiembre de 2024 y 2 de octubre de 2024. La parte peticionaria solicitó la paralización de los procedimientos en auxilio de nuestra jurisdicción.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado. Por igual, se declara *No Ha Lugar* la *Urgente Solicitud de Orden de Paralización en Auxilio de Jurisdicción.*

Número Identificador

RES2024_____

**I**

La parte peticionaria recurre de una *Resolución* notificada el 23 de septiembre de 2024. Mediante la misma, el foro primario le impuso una multa conjunta, por la suma de $1,000.00, ello por razón de haber incumplido con un previo mandato relacionado a ciertas órdenes atinentes al descubrimiento de prueba del caso de epígrafe. De igual forma, también recurre de dos (2) *Resoluciones* respectivamente notificadas el 2 de octubre de 2024. En la primera de estas, el Tribunal de Primera Instancia resolvió que el descubrimiento de prueba del caso de epígrafe no se encontraba detenido, por razón de la pendencia de una apelación no relacionada a dicha materia, por lo que ordenó a la parte peticionaria a comparecer, so pena de desacato, a una toma de deposición a efectuarse durante los días 22, 24 y 31 de octubre del año corriente. En la segunda de las determinaciones indicadas, el tribunal de origen impuso a la parte peticionaria una sanción de $5,000.00 por concepto de honorarios de abogado, tras determinar que su conducta procesal durante el trámite de la presente causa era una constitutiva de temeridad.

Inconforme, el 18 de octubre de 2024, la parte peticionaria compareció ante nos mediante el presente recurso de *certiorari*, el cual acompañó con una *Urgente Solicitud de Orden de Paralización en Auxilio de Jurisdicción*.

Procedemos a expresarnos de conformidad con la norma que provee para el adecuado trámite en alzada del recurso que nos ocupa.

**II**

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, expresamente delimita la intervención de este Tribunal para evitar la revisión judicial de aquellas órdenes o resoluciones que dilatan innecesariamente el curso de los procesos. *Rivera v. Joe's European*

*Shop,* 183 DPR 580, 594 (2011).  En lo pertinente, la referida disposición reza como sigue:

. . . . . . . .

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo.  No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.  Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

. . . . . . . .

32 LPRA Ap. V, R. 52.1.

El entendido doctrinal vigente de la precitada disposición establece que, su inserción en nuestro esquema procesal, aun cuando obedece al propósito de delimitar las circunstancias en las que el foro intermedio habrá de intervenir con resoluciones u órdenes interlocutorias emitidas por el tribunal primario, asegura la revisión apelativa, mediante el recurso de *certiorari,* en situaciones meritorias constitutivas de excepción.  *Job Connection Center v. Sups. Econo,* 185 DPR 585, 593 (2012).  Así, cuando, en el ejercicio de su discreción, este Foro entienda que determinada cuestión atenta contra intereses protegidos, o desvirtúa el ideal de justicia, viene llamado a entender sobre la misma.

Por su parte, sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior.  *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023); *Caribbean*

*Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018).

### III

La causa de epígrafe en parte versa sobre una determinación judicial de carácter interlocutorio, propia a la discreción del juzgador de hechos y a la adecuada tramitación de un caso. Al examinar el dictamen relacionado al mandato en virtud del cual el Tribunal de Primera Instancia ordenó a la parte peticionaria a someterse a una deposición, ello a la luz de lo estatuido en la precitada Regla 52.1 de Procedimiento Civil, *supra,* se desprende que el mismo está relacionado al descubrimiento de prueba. Por lo tanto, no está inmerso en las instancias contempladas por el legislador, a los fines de que este Foro pueda entender sobre un recurso de *certiorari.*

Siendo así, y dado a que la parte peticionaria no demostró que, de no actuar respecto a su solicitud, habría de producirse fracaso a la justicia que ameritara el ejercicio de nuestra discreción para acoger su recurso, nada debemos proveer.

A igual conclusión llegamos respecto a las determinaciones relacionadas a las sanciones que le fueron impuestas a la parte peticionaria. Dichos pronunciamientos, por igual, se relacionan al ejercicio de la discreción que le asiste al tribunal primario en el manejo de los casos que atiende. Siendo de este modo, y por no concurrir causa alguna de las contempladas en la Regla 40 de nuestro Reglamento, *supra*, resolvemos abstenernos de imponer nuestro criterio al desplegado por el Juzgador de hechos.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado. A su vez, se declara *No Ha Lugar* la *Urgente Solicitud de Orden de Paralización en Auxilio de Jurisdicción.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones